## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHN W. MUNN,                              )
                                          )
                    Petitioner,           )
v.                                        )        Case No. CIV-07-1442-D
                                          )
UNITED STATES PAROLE COMMISSION,          )
*et al.*,                                 )
                                          )
                    Respondents.          )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner appearing *pro se*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks his immediate release from federal custody alleging that he continues to be confined beyond the expiration of his federal sentence. Respondents have filed a Motion to Dismiss [Doc. #15] seeking dismissal of the Petition as second or successive, and Petitioner has filed a response [Doc. #17]. Petitioner has also filed a Motion for Summary Judgment [Doc. #5] reasserting the factual bases for relief alleged in the Petition. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

For the reasons set forth below, it is recommended that Respondents' Motion be granted and that the Petition be dismissed with prejudice. In the alternative, it is recommended that Respondents' Motion be construed as a Response to the Petition and, so construed, that Respondents' Petition be denied.

I.      **Relevant Background**

In 1975, Petitioner was convicted of bank robbery and sentenced to a term of twenty

years imprisonment by the United States District Court for the Western District of Oklahoma.

*See* Petition at 3 and 4, Statement of Facts, ¶¶ 1-2; *see also Munn v. Peterson*, 156 Fed.

Appx. 85 (10th Cir. Nov. 30, 2005) (unpublished op.) (reciting historical facts).  After serving

approximately three years of his sentence, on May 17, 1978, Petitioner was paroled from this

sentence following a determination by the United States Parole Commission (USPC) to grant

parole.  At the time he was released on parole, Petitioner had 6021 days (approximately 16-

1/2 years) remaining on his federal term.  *See* Respondents' Motion, Exhibit 2, USPC

Certificate of Parole.

On February 7, 1980, the USPC issued a parole violator warrant for Petitioner.  The

USPC had been advised that Petitioner had been arrested on a number of state charges

including first degree rape and pointing a firearm.  *See* Respondents' Motion, Exhibit 3,

Warrant Application; *see also* Petition at 4, Statement of Facts, ¶¶ 6-7.  The USPC withheld

execution of the warrant pending resolution of the new state charges.  *See* Respondents'

Motion, Exhibit 4.

Petitioner was convicted of these state charges in July 1980 and received an aggregate

sentence of 155 years imprisonment.  Petitioner was taken into state custody to begin serving

the state sentence.  On September 12, 1980, the USPC's parole violator warrant was

supplemented, and on October 24, 1980, the warrant was placed as a detainer with the

Oklahoma State Penitentiary in McAlester, Oklahoma. *See* Respondents' Motion, Exhibit 5, Warrant Application, and Exhibit 6, Detainer.

The USPC conducted a dispositional revocation hearing on June 15, 1984. *See* Respondents' Motion, Exhibit 7, USPC Hearing Summary. On June 28, 1984, the USPC issued a Notice of Action and made the following decisions: (1) Petitioner's parole was revoked; (2) no time Petitioner had spent on parole would be credited; (3) the unexpired portion of Petitioner's federal sentence would commence upon release from state custody or federal reparole; and (4) the matter would be continued for a 10-year reconsideration hearing in June 1994. *See* Respondents' Motion, Exhibit 8, Notice of Action.

Petitioner's case was reviewed by the USPC on February 24, 1995. At that time the USPC recommended that Petitioner be continued for a 15-year reconsideration hearing in February 2010. *See* Respondents' Motion, Exhibit 9, Statutory Interim Hearing Review Summary.

On July 30, 2003, Petitioner completed serving the sentences on his state convictions and was released from state custody. He was immediately taken into federal custody and incarcerated at the Federal Correctional Institute (FCI) in El Reno, Oklahoma, pursuant to the parole violator warrant. *See* Petition at 5, ¶ 15. *See also* Respondents' Motion Exhibit 1, Sentence Monitoring Computation Data (showing parole violator warrant executed on July 30, 2003).

On June 2, 2004, Petitioner was given a statutory interim hearing, and on June 22, 2004, Petitioner received notice that the USPC had advanced his reconsideration date of

February 2010 to February 2008.  *See* Respondents' Motion, Exhibit 11, Hearing Summary and Exhibit 12, Notice of Action.  Petitioner appealed the decision of the USPC, and the National Appeals Board affirmed the decision on June 21, 2005.  *See* Respondents' Motion, Exhibit 13, Notice of Action.

On June 28, 2006, Petitioner received another statutory interim hearing, and on July 13, 2006, Petitioner received notice that the USPC had not changed its decision to continue him to the reconsideration date of February 2008.  *See* Respondents' Motion, Exhibit 14, Hearing Summary, and Exhibit 15, Notice of Action.

Petitioner filed this habeas action on December 26, 2007.  Petitioner alleges that the reconsideration hearing was continued from February 2008 to April 2008.  *See* Petitioner's Traverse [Doc. #17] at 5.  Neither party has supplemented the record with additional information concerning this hearing.[1]

Petitioner's projected release date is March 30, 2013, "via mandatory release."  *See* Respondents' Motion, Exhibit 1, Sentence Monitoring Computation Data.

## II.    Petitioner's Claims

Petitioner raises three interrelated claims for habeas relief.  In Ground One, Petitioner claims the USPC violated 28 C.F.R. § 2.21(c).[2]  In support of this claim for relief, Petitioner

---

[1] The outcome of the hearing, however, is not determinative of the issues raised in this § 2241 action.

[2] The statutes and regulations referred to in this Report apply to prisoners convicted for offenses committed prior to November 1, 1987, such as Petitioner.  *See* Parole Commission and Reorganization Act of 1976 (PCRA), Pub. L. No. 94-233, §2, 90 Stat. 219 (codified as amended at
(continued...)

alleges that the USPC "failed to properly credit Petitioner's federal violator term with the 276 months spent in state confinement on a new sentence." *See* Petition at 8.  In Ground Two, Petitioner claims the USPC violated 28 C.F.R. § 2.47(e)(1), contending that the USPC failed to credit the 276 months spent in state custody towards satisfaction of the reparole guidelines. In Ground Three, Petitioner brings a substantive due process claim and alleges that the USPC should have given him credit on his federal sentence for the time spent in state custody following the USPC's revocation of parole on June 25, 1984.  According to Petitioner, if he were given credit on his federal sentence for the time spent in state custody, he has served more than 2000 days beyond the full term of his federal sentence.  As relief, Petitioner seeks his immediate release from custody.  *See* Petition at 10.

In responding to Respondents' Motion to Dismiss, Petitioner changes the focus of his claims.  Rather than requesting his immediate release from custody on grounds that he has served time "beyond the full term expiration of the federal sentence," *see* Petition at 10, Petitioner contends that he is entitled to "immediate release on reparole."  *See* Petitioner's Traverse [Doc. #17] at 7.  Petitioner claims he has served over 284 months on the discharged

---

[2](...continued)
18 U.S.C. §§ 4201-4218).  The USPC operates under authority of the PCRA.  The PCRA was repealed and replaced by the Sentencing Reform Act of 1984 (SRA), effective November 1, 1987. Under the SRA, the USPC was to be phased out and parole was to be abolished.  However, the PCRA continues to govern the sentences of those prisoners sentenced prior to the effective date of the SRA and Congress has repeatedly extended the life of the USPC to administer those prisoners, like Petitioner, with pre-SRA sentences.  *See Bledsoe v. United States*, 384 F.3d 1232, 1233-1234 (10th Cir. 2004).  The life of the USPC has most recently been extended to October 31, 2008.  *See* United States Parole Commission Extension and Sentencing Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035 (2005).

state sentence, well above the 122-month reparole maximum set by the USPC pursuant to the governing parole guidelines.

## III.   Analysis

### A.   Respondents' Request for Dismissal on Jurisdictional Grounds for Lack of Prior Circuit Authorization

Respondents contend that the action should be dismissed because Petitioner did not obtain prior circuit authorization to file his successive application for a writ of habeas corpus. Respondents contend:

> Specifically, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), Petitioner is required, before pursuing the instant action in this Court, to move for and receive an order from the Tenth Circuit Court of Appeals authorizing the Court to consider his Petition.

*See* Respondents' Motion at 1.  The Tenth Circuit has deemed the AEDPA's circuit authorization requirements  (28 U.S.C. § 2244(b)(3)(A) and § 2255(h)) to be jurisdictional. *See Lopez v. Douglas*, 141 F.3d 974, 975-976 (10th Cir. 1998); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).  Therefore, the Court addresses this issue first.

Pursuant to the AEDPA, a habeas petition is generally subject to dismissal if the legality of the petitioner's detention has been determined on a prior application for writ of habeas corpus.  Successive petitions by federal prisoners are addressed in provisions separate from those applicable to state prisoners.  A brief review of these provisions is necessary to determine whether the jurisdictional "gatekeeping" requirements for prior circuit authorization apply to the § 2241 petition filed in this case.

Title 28 U.S.C. § 2244(a) provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person *pursuant to a judgment of a court of the United States* if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a) (emphasis added).  By its terms, section 2244(a) governs only habeas applications challenging the detention of a prisoner who is in custody pursuant to a judgment of a court of the United States.  If the legality of the prisoner's detention has already been determined in a prior application, the district court need not entertain a second or successive application, "except as provided in section 2255."  Section 2255, by its terms, governs motions by prisoners in custody under a judgment and sentence imposed by a federal court who challenge the legality of their conviction or sentence.  Section 2255 contains a "gatekeeper" section providing that a second or successive motion under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" to contain either:

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S. C. § 2255(h).

Second or successive habeas applications by *state* prisoners filed under § 2254 are governed by 28 U.S.C. § 2244(b).  Pursuant to § 2244(b), a claim presented in a state prisoner's second or successive habeas action brought pursuant to 28 U.S.C. § 2254 that was presented in a prior application must be dismissed.  *See* 28 U.S.C. § 2244(b)(1).  If the claim was *not* presented in the prisoner's prior application, the claim must be dismissed unless the petitioner makes a particularized showing of circumstances similar to those required in § 2255(h).  *See* 28 U.S.C. § 2244(b)(2).  The gatekeeping provisions of 28 U.S.C. § 2244(b)(3)(A) require prior circuit authorization before a petitioner may file a second or successive § 2254 petition in district court.[3]  Although not abundantly clear, Respondents appear to rely upon § 2244(b)(3)(A) as the basis for dismissal of Petitioner's claims for lack of prior circuit authorization.  *See* Respondents' Motion at 6.

To date the Tenth Circuit has required prior circuit authorization only for second or successive habeas applications brought by state prisoners pursuant to 28 U.S.C. § 2254, or second or successive motions brought by federal prisoners pursuant to 28 U.S.C. § 2255.  *See* *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (clarifying distinction) (petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence).  The Tenth Circuit has not decided in a published decision whether

---

[3]Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

prior circuit authorization is required in federal habeas actions brought pursuant to 28 U.S.C. § 2241, where, as in this case, a federal prisoner files a successive § 2241 petition challenging the execution of his sentence.

In a series of unpublished decisions, the Tenth Circuit has explicitly rejected requiring prior circuit authorization pursuant to § 2244(b)(3)(A) where a successive § 2241 petition is filed by a state prisoner. *See, e.g., Tuggle v. Addison*, 247 Fed. Appx. 155, 157 (10th Cir. Sept. 7, 2007) (unpublished op.) ("We have stated in several unpublished decisions that 'prior authorization from a court of appeals is not necessary to file a successive § 2241 petition.'") (*citing White v. McKinna*, No. 06-1069, 2006 WL 1234867 at *1 (10th Cir. May 2, 2006) (unpublished op.).[4]

Similarly, the Tenth Circuit has affirmed, in unpublished decisions, district court dismissals of § 2241 actions brought by federal prisoners on grounds that the petitions were second or successive. *See Thunder v. United States Parole Comm'n*, 165 Fed. Appx. 666, 668 (10th Cir. Feb. 7, 2006) (unpublished op.) (affirming district court's dismissal of federal

---

[4]As the Tenth Circuit recognized in one unpublished opinion:

A cursory reading of § 2244(a) – which applies to habeas corpus applications filed by people who are in custody "pursuant to a judgment of a court of the United States" – suggests that § 2244(a) never applies to state prisoners as they are never in state custody pursuant to a judgment of a court of the United States (i.e., a federal court). Similarly, a reading of § 2244(b) suggests that it, too, may be inapplicable in this case since it addresses only applications filed under § 2254. *See, e.g., Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (noting that neither § 2244(a) nor § 2244(b) applies to § 2241 petitions brought by non-federal prisoners).

*Mathes v. Saffle*, 35 Fed. Appx. 746, 748 n.1 (10th Cir. May 1, 2002) (unpublished op.).

prisoner's § 2241 action as an abusive writ pursuant to 28 U.S.C. § 2244(a)).  *See also Verner v. Attorney General*, 190 Fed. Appx. 592, 593 (10th Cir. June 29, 2006) (unpublished op.) (upholding dismissal of federal prisoner's § 2241 action as successive pursuant to 28 U.S.C. § 2244(a)).  In these cases, the Tenth Circuit found the district court dismissals proper under 28 U.S.C. § 2244(a) without any reference to a jurisdictional requirement that prior circuit authorization be obtained.  Consistent with these Tenth Circuit unpublished opinions, at least one other circuit court of appeals has determined, in a published decision, that prior authorization is not required in actions brought by federal prisoners pursuant to 28 U.S.C. § 2241.  *See United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004).

In a recent published decision, however, the Tenth Circuit suggested, without deciding, that the prior circuit authorization requirement may apply to a § 2241 action brought by a federal prisoner.  *See Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007).  In addressing whether a federal prisoner proceeding under § 2241 must first receive prior circuit authorization, the Tenth Circuit stated:

> The reference to § 2255 in the AEDPA-amended version of § 2244(a) appears to incorporate the appellate pre-authorization gatekeeping requirements of § 2255 para. 8, which sets forth the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3).

*Id.*[5]  Respondents do not cite to *Ackerman*, nor do Respondents appear to rely on § 2244(a)

as authority for invoking the gatekeeping requirement in this case.

The Tenth Circuit pointedly left the issue undecided in *Ackerman* and has consistently

affirmed district court dismissals of successive § 2241 habeas petitions by both federal and

state prisoners without requiring prior circuit authorization.  For these reasons, Respondents'

argument for dismissal on jurisdictional grounds -- based on Petitioner not obtaining prior

circuit authorization prior to filing his successive application in district court -- should be

rejected.[6]

---

[5]The Tenth Circuit did not have to decide the issue because the petitioner in that case was a military prisoner challenging a military court-martial conviction.  The Tenth Circuit determined the provisions of § 2244(a) did not apply because the petitioner's detention was not "pursuant to a judgment of a court of the United States."  *Ackerman*, 483 F.3d at 652.

[6]Also supportive of this result is the distinct nature of § 2241 and § 2254 or § 2255 proceedings.  A successive challenge to a conviction and sentence under § 2254 or § 2255 will necessarily relate back to the fixed event of the conviction and sentence.  And, the limited circumstances pursuant to which a prisoner may successively challenge the legality of his conviction or sentence are based upon finality concerns.  For that reason, successive petitions are authorized only if the prisoner bases his successive request for relief on newly discovered evidence or retroactive application of a new rule of constitutional law.

Conversely, a prisoner challenging the execution of his sentence under § 2241 does so based on events subject to continuing changed circumstances over the course of the prisoner's incarceration.  For example, a prisoner may receive multiple misconduct convictions, each arising at different times and involving facts independent of other misconduct convictions.  Similarly, issues relating to parole may arise in multiple and independent contexts over the course of a prisoner's incarceration.  The same finality concerns are often not present and the narrow gatekeeping requirements do not aptly apply.

Where, as here, a § 2241 petition does raise successive claims, abuse of the writ principles traditionally applied by district courts provide adequate means to address improper successive claims.

**B.**     **Respondents' Request for District Court Dismissal of Successive Petition Pursuant to 28 U.S.C. § 2244(a)**

Respondents alternatively seek a determination by this Court that the Petition should be dismissed as an abuse of the writ pursuant to 28 U.S.C. § 2244(a).  In support of dismissal on this ground, Respondents cite a prior § 2241 action Petitioner filed in this judicial district challenging the federal parole violator warrant pursuant to which he was taken into custody. Petitioner claimed in that action that his due process rights were violated because he was returned to federal custody by virtue of the parole violator warrant without an accompanying original or certified copy of the judgment and commitment order.  The action was denied on the merits.  *See Munn v. Peterson*, CIV-05-59-L**,** Report and Recommendation [Doc. # 15] W.D. Okla., March 25, 2005 (Argo, M.J) and Order [Doc. #17] W.D. Okla. April 18, 2005 (Leonard, D.J.), *aff'd Munn v. Peterson*, 156 Fed. Appx. 85 (10th Cir. Nov. 30, 2005) (unpublished op.).[7]

Although not cited by Respondents, the Court takes judicial notice of an earlier § 2241 petition filed by Petitioner in this judicial district, *Munn v. United States Parole Comm'n*,

_____

[7]Petitioner's ground for habeas relief was quite narrow in that action.  As the Tenth Circuit stated in its opinion:

> It is also significant to note, as did the magistrate judge, that Munn does not dispute either the fact of his original conviction or the length of either his original sentence or his parole violator sentence. Further, Munn does not dispute any of the details of his parole revocation, including the fact that, as a result of his criminal conduct in the State of Oklahoma while on parole, the USPC revoked his parole and ordered him to serve the remainder of the twenty-year sentence.

*Munn*, 156 Fed. Appx. at 87.

12

Case No. CIV-02-1564-L.  In that prior action, Petitioner raised various issues regarding the computation of his parole violator term.  Specifically, Petitioner claimed his federal sentence should have been running concurrently with his state sentence and, therefore, he sought a determination, like he does in this action, that his federal sentence had expired.  Petitioner brought additional claims as well, challenging the execution of his parole violator term.  The claims were denied on the merits.  *See Munn v. United States Parole Comm'n*., Case No. CIV-02-1564-L, Report and Recommendation [Doc. #15], February 20, 2003 (Bacharach, M.J.); Order [Doc. #18], May 21, 2003 (Leonard, D.J.).

Under § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously determined the legality of the petitioner's detention in a prior habeas application and no new claim is raised. *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995).  *See also Crawford v. Callahan*, 201 Fed. Appx. 629 (10th Cir. Oct. 19, 2006) (unpublished op.) (stating that § 2241 petitions for relief "fall within the ambit of § 2244(a)" and that "[a] petitioner who previously filed a § 2241 petition in federal court may not file a successive habeas petition on the same issue(s) . . . if that court made a determination as to whether a writ should issue.").  Where the second or successive petition raises a new claim that could have been raised previously, the petition is subject to dismissal as an abuse of the writ. *McCleskey v. Zant*, 499 U.S. 467, 483-84 (1991); *see also George*, 62 F.3d at 334-35.[8]  A petitioner must then demonstrate cause and

---

[8]Although *George* and *McClesky* are both pre-AEDPA cases, the standards continue to apply to the post-AEDPA version of § 2244(a).  *See, e.g., Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. (continued...)

prejudice or a fundamental miscarriage of justice if the claim is to be heard. *George*, 62 F.3d at 335.

Because Petitioner's claim that the USPC failed to properly credit his federal violator term with the time he spent in state custody was rejected in Case No. CIV-02-1564-L, the claims raised in Grounds One and Three of the instant Petition should be dismissed as successive. "The fact that [Petitioner] has styled his arguments to raise different aspects of the same issues is to no avail." *Jackson v. Morris*, 8 Fed. Appx. 890, 892 (10th Cir. March 29, 2001) (unpublished op.) (affirming district court's dismissal of federal prisoner's successive claims brought pursuant to 28 U.S.C. § 2241 against the USPC alleging his federal sentence should have expired because the sentence should have run concurrently with his intervening state sentence); *see also Gibson v. Knowles*, No. 98-1244, 1999 WL 12994 at *1 (10th Cir. Jan. 14, 1999) (unpublished op.) (dismissing as successive federal petitioner's § 2241 action challenging USPC's departure from parole guidelines where petitioner was "[a]ttempting to spin differently the same argument he raised in his earlier § 2241 petition" that had been denied on the merits).

The claim raised in Ground Two of the Petition, alleging Petitioner has not been given proper credit for the time spent in state custody towards satisfaction of the reparole

---

[8](...continued)
1997) (noting that AEDPA does not define what is meant by "second or successive" and that the majority of circuits refer to the "abuse of the writ" standard in effect before the AEDPA was enacted). In an unpublished decision the Tenth Circuit has recognized that § 2244(a), as amended by the AEDPA, relates to both abusive and successive petitions. *See Gutierrez v. Perrill*, No. 96-1038, 1996 WL 733768 at * 1 n. 3 (10th Cir. Dec. 24, 1996).

guidelines, was not raised in either of Petitioner's prior § 2241 actions. Therefore, this claim is not subject to dismissal as successive but may be subject to dismissal as an abuse of the writ. Petitioner claims he could not have brought this claim in the prior actions because the USPC continued his parole reconsideration date through February 2008. According to Petitioner he "could not have recognized those issues by due diligence prior to now." *See* Petitioner's Traverse at 5. Petitioner's conclusory allegation is not supported by the record. In March 1995, Petitioner received from the USPC a Notice of Action advising him that a decision above the reparole guidelines was warranted and that he would receive a reconsideration hearing in 2010. *See* Respondents' Response, Exhibit 10. He knew at that time, therefore, that despite credit towards the reparole guidelines for time spent in state custody, he was not entitled to release on parole and would not be given a reconsideration hearing until February 2010, later accelerated to February 2008.[9] Petitioner has failed to explain why he could not have challenged this decision in his previous habeas actions. Nor does Petitioner demonstrate cause and prejudice or that the fundamental miscarriage of

---

[9]As explained in the Review Summary dated February 24, 1995, summarizing the findings made during Petitioner's statutory interim hearing:

> As of February 17, 1995, the prisoner will have served 181 months (15 years 1 month). The original guidelines established for the prisoner were 78-110 months. Adding on the present misconduct causes the guidelines range to change to 78-122 months. At this point, the prisoner has served 59 months above the top of the guideline range.
>
> At this point in time, the present panel is not prepared to recommend a parole date for the prisoner. . . .

*See* Respondents' Motion, Exhibit 9, Review Summary, ¶ VI.

justice exception should apply. Petitioner's second ground for relief, therefore, is subject to dismissal as an abuse of the writ.

In sum, pursuant to 28 U.S.C. § 2244(a), this Court is not required to entertain Petitioner's successive application for § 2241 habeas relief, and the action should be dismissed.

**C.    Alternative Denial of the Petition on the Merits**

Respondents have also addressed the merits of Petitioner's claims.  The Court, therefore, addresses the merits and recommends, in the alternative, that the Petition be denied.

**1.    Petitioner is not entitled to credit on his parole violator term for time spent in state custody.**

Petitioner claims in Grounds One and Three of the Petition that his federal sentence has expired because the time he served in the custody of the State of Oklahoma should be credited against his parole violator term.  This claim lacks merit.  Petitioner relies on 28 C.F.R. § 2.21(c) in support of this claim.  However, that regulation expressly defeats Petitioner's claim.  The regulation provides:

> Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes.  This does not affect the computation of the expiration date of the violator term as provided in §§ 2.47(e) and 2.52(c) and (d).

28 C.F.R. § 2.21(c). Petitioner "confuses credit for purposes of reparole with credit for purposes of computing the time left on the original sentence." *Berg v. United States Parole Comm'n*, 735 F.2d 378, 379 (9th Cir. 1984). Petitioner cites no authority, either regulatory

16

or statutory, that requires a prisoner to receive credit for time served on a new sentence against the time remaining on a prior federal sentence. *See, e.g., Joiner v. Henman*, 902 F.2d 1251, 1254 (7th Cir. 1990) (federal parolee was not entitled to credit for time served on state charges against the time remaining on his federal sentence; time served on new state sentence only had to be credited for purposes of the reparole guidelines pursuant to 28 C.F.R. § 2.21(c)); *see also Moore v. United States Parole Comm'n*, No. 91-3132, 1991 WL 125149 at *1 (10th Cir. July 5, 1991) (unpublished op.) ("The defendant also confuses the Commission's grant of credit for fifty months he had served on his state sentence for purposes of determining reparole eligibility with a grant of credit for his violator term. Under 28 C.F.R. § 2.21(c), the Commission must consider time spent in custody for reparole guideline purposes, but the provision specifically states this does not affect the expiration of the violator term."). Accordingly, the claims raised in Grounds One and Three of the Petition should be denied.

To the extent Petitioner claims the parole violator term exceeds his original sentence, that claim is also without merit. *See* Petition at 7 ("The total violator term equals 25 years which exceeds the statutory maximum of (16 years and 5 months or 6,021 days remaining), by approximately 9 years."). Pursuant to 28 U.S.C. § 2.52(c)(2), the USPC can revoke parole and impose a new period of confinement (*i.e.*, a violator term). The only restriction is that the violator term, taken together with the time served by the parolee prior to release, cannot exceed the total length of the parolee's sentence. At the time Petitioner was released on parole, he had 6021 days (approximately 16 ½ years) remaining to be served on his twenty-

year sentence.  *See* Respondents' Motion, Exhibit 2, Certificate of Parole at 2.  Petitioner's

violator term did not commence running until execution of the parole violator warrant on

July 30, 2003.[10]  Petitioner's current projected mandatory release date, March 30, 2013, falls

within the full expiration of his violator term, January 22, 2020.

> **2.   Petitioner was not denied credit for time spent in state custody toward satisfaction of the reparole guidelines.**

In his second ground for relief, Petitioner claims the USPC did not credit the time

spent in state custody toward the reparole guidelines.  Petitioner relies upon 28 C.F.R.

§ 2.47(e)(1) in support of this claim.   Section 2.47(e)(1), requires that a parole violator be

given credit for time in custody on a new state or federal sentence only for purposes of

satisfying reparole guidelines.  *See* 28 C.F.R. § 2.47(e)(1) ("A parole violator whose parole

is revoked shall be given credit for all time in federal, state, or local confinement on a new

offense for purposes of satisfaction of the reparole guidelines at § 2.20 and § 2.21.").  The

record demonstrates the USPC did credit this time.  *See, e.g.,* Respondents' Motion, Exhibit

9, Review Summary, ¶ VI (recognizing that as of February 1995, Petitioner has "served 59

months above the top of the guideline range [of 122 months].").   However, the USPC

exercised its discretion and went above the guidelines in determining Petitioner's reparole

consideration date.  *See* Respondents' Motion, Exhibit 10, Notice of Action, March 14, 1995

("[A] decision above the guidelines appears warranted because you are a poorer risk than

---

[10]As discussed above, Petitioner was not entitled to credit on the parole violator term for time spent in state custody.  Thus Petitioner erroneously relies upon the 10- and 15-year reconsideration dates as time spent in custody in satisfaction of the parole violator term.

18

indicated by your salient factor score in that you have a history of serious sexual misconduct involving juveniles.").[11]   The USPC acted within its authority to do so.  *See* 28 C.F.R. § 2.21(d) ("A decision outside these guidelines (either above or below) may be made when circumstances warrant.").   And, as Respondents address, the USPC's exercise of discretion is supported by the record.  *See* Respondents' Motion, Exhibit 8 at 2, Notice of Action, June 28, 1984 ("After review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense behavior involved . . . aggravating factors . . . .") ; *see also id.*, Exhibit 10, Notice of Action, March 14, 1995 (discussed *supra*) and Exhibit 13, Notice of Action on Appeal, June 21, 2005 ("[B]ecause the Commission made a decision above your reparole guidelines and determined that the aggravating facts of your parole violation behavior warranted a decision above your guidelines, the adjustment to your guidelines has had no practical effect on the Commission's decision.").[12]

---

[11]The regulations establish a grid which contains a "salient factor score," measuring an inmate's potential for violating parole, and a "severity rating," reflecting the severity of the inmate's underlying offense.  28 C.F.R. § 2.20.  Once the salient factor score and the severity rating are established, the guidelines provide a suggested range of time that the inmate should serve before being paroled.  *Id.*  "Where the circumstances warrant," the Commission may select a presumptive parole date outside the guidelines, either above or below the suggested time range.  *Id.*, § 2.20(c).

[12]Petitioner does not challenge the reasons advanced by the USPC in support of its decision to select a re-parole date above the guidelines. The record demonstrates the USPC's reasons are properly supported and justify the decision to go above the guidelines.  *Compare Kele v. United States Parole Comm'n*, No. 97-1092, 1997 WL 606872 at *3 (10th Cir. Oct. 2, 1997) (unpublished op.) (USPC provided rational basis for its upward departure from the guidelines  when it stated in its notice of action that the petitioner represented a more serious risk than indicated by his salient factor score); *see also Evenstad v. United States Parole Comm'n*, 783 F. Supp. 1297, 1303 (D. Kan.
(continued...)

Petitioner's claim is based on the mistaken belief that "he is factually entitled to reparole upon completion of the reparole guideline range of 122 months." *See* Petitioner's Traverse at 2.    In *Moore v. United States Parole Comm'n*, *supra*, 1991 WL 125149 at * 1 the Tenth Circuit rejected a similar claim:

> Defendant seeks an explanation of "when a parole violator . . . is serving a violator term as opposed to a reparole guideline term. . . ." There is no such thing as a "reparole guideline term;" the reparole guidelines simply provide that time in custody should be considered in calculating the appropriate date for reparole. The violator term is the remainder of the sentence after parole has been violated.

*Id*. at * 1.  The fact that the USPC was required to credit time served toward the reparole guidelines does not equate to a requirement that Petitioner be released on reparole once the time credited meets or exceeds the reparole guideline terms.  This claim, therefore, is without merit and should be denied.

To the extent Petitioner claims he is entitled to mandatory parole, that claim is also without merit.  Although 28 C.F.R. § 2.53(d) provides that a prisoner whose violator term is five years or more is eligible for (but not automatically entitled to) mandatory parole upon

---

[12](...continued)
1992) (USPC's decision to exceed the guidelines was "amply supported in light of petitioner's repeated offenses and his status as a parole violator").  Petitioner suggests the USPC wrongfully considered the state offenses in making its guideline determinations.  *See* Traverse at 8-9.  The case relied upon by Petitioner, however, expressly provides that expired sentences may be considered by the USPC.  *See Butler v. United States Parole Comm'n*., 570 F. Supp. 67, 78 (M.D. Penn. 1983) (holding that USPC was authorized to consider expired sentences in determining offense severity under the guidelines).  The USPC, therefore, was authorized to consider the severity of the offense committed by Petitioner while on parole, as well as other relevant information including his prior criminal history, when making its determination concerning reparole.  *See, e.g., Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989) (USPC may consider formally adjudicated offenses as well as information from prosecutors and other parties when making reparole determinations).

completion of two-thirds of the violator term, Petitioner has not demonstrated that he has served that portion of his violator term.  As set forth above, it appears from the Sentence Monitoring Computation Data that Petitioner will have served approximately two-thirds of the violator term on March 30, 2013.

In sum, Petitioner's claims raised in Ground Two of the Petition challenging the USPC's method of crediting time spent in state custody towards satisfaction of the reparole guidelines are without merit and should be denied.

**IV.**    **Petitioner's Motion for Summary Judgment**

Petitioner has filed a Motion for Summary Judgment [Doc. #5].  It is recommended that the Motion to denied.  As set forth above, the claims raised in the Petition are subject to dismissal as successive or abusive.  Moreover, Petitioner reasserts the same factual bases for relief as alleged in the Petition.  Accepting these allegations as true, and construing them in the light most favorable to Petitioner, does not change the Court's determination that Petitioner is not entitled to federal habeas corpus relief.

## RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss [Doc. #15] be granted and that the Petition be dismissed with prejudice because Petitioner has raised successive or abusive claims. In the alternative, it is recommended that the Motion be construed as a response to the Petition and so construed, that the 28 U.S.C. § 2241 Petition be denied.  It is further recommended that Petitioner's Motion for Summary Judgment [Doc. #5] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by June __18th__, 2008. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __29th__ day of May, 2008.


_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE